# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO ALBERTO RIVERA-RODRIGUEZ, | : | Civil No. 1:25-CV-02245 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN FRITH, | : | |
| | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Pending before the court is Petitioner Julio Alberto Rivera-Rodriguez's petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241.  (Doc. 1.)  For the reasons set forth below, the petition will be dismissed as moot.

## BACKGROUND

On November 17, 2025, while incarcerated at the Federal Correctional Institution Schuylkill ("FCI- Schuylkill") in Minersville, Pennsylvania, Petitioner commenced the above-captioned action by filing a Section 2241 petition seeking a recalculation of his sentence.  (Doc. 1.)  The court received and docketed the petition on November 24, 2025.  (*Id.*)  On December 3, 2025, the court received payment of the filing fee.  (Doc. 4.)  The following day, the court entered an order serving a copy of the petition on Warden Frith ("Respondent").  (Doc. 6.) Respondent filed a suggestion of mootness on January 6, 2026 stating that

Petitioner had been released from custody the day prior.  (Doc. 10.)  Petitioner did not respond to Respondent's suggestion of mootness.

Following the suggestion of mootness, the court reviewed the BOP inmate locator, which revealed that Petitioner was released from federal custody on January 5, 2026.  The BOP inmate locator is available at the following website: https://www.bop.gov/inmateloc/.  This website reflects that Petitioner, having a "Register Number" of "23103-069," was "not in BOP custody as of: 01/05/2026." *See id*.

## DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'"  *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020) (quoting *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" *See id*. (quoting *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005)) (quoting *Lewis v. Cont'l Bank Corp*., 494 U.S. 472, 477 (1990)).  Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody

because the petitioner has received the relief sought." *See id.* (citing *DeFoy*, 393 F.3d at 441).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that he continues to suffer from secondary or collateral consequences of his conviction," *see id.* (citations omitted), or sentence, *see Burkey v. Marberry*, 556 F.3d 142, 148 (3d Cir. 2009). Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking his conviction while still serving the sentence imposed for that conviction [and] where the [petitioner] is attacking that portion of his sentence that is still being served." *See id.* (citing *United States v. Jackson*, 523 F.3d 234, 242 (3d Cir. 2008)).

Once a petitioner has been released, however, the court does "not presume that a conviction carries collateral consequences." *See Abreu*, 971 F.3d at 406 (citing *Burkey*, 556 F.3d at 148). Instead, the court "must 'address[ ] the issue of collateral consequences in terms of the likelihood that a favorable decision would redress the injury or wrong.'" *See id.* (quoting *Burkey*, 556 F.3d at 148). For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'" *See id.* (quoting *Burkey*, 556 F.3d at 148).

Consistent with these principles, the court finds that, while the instant petition is generally moot, as Petitioner is no longer in federal custody as of January 5, 2026, Petitioner may still obtain judicial review of his federal sentence if he can show that he continues to suffer from secondary or collateral consequences of that sentence. *See id.* Here, Petitioner was put on notice of the potential mootness of his petition by Respondent's suggestion of mootness. (Doc. 10.) Despite this notice, Petitioner has not timely demonstrated that he continues to suffer from secondary or collateral consequences of his federal sentence. As a result, his petition will be dismissed as moot.

## CONCLUSION

Accordingly, for the reasons set forth above, Petitioner's Section 2241 petition will be dismissed as moot. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: February 2, 2026